IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 7
:
UPTOWN PARTNERS, LP : Case No. 1:23-bk-00988-HWV
      DEBTOR :

# THE CITY OF HARRISBURG AND THE HARRISBURG REDEVELOPMENT AUTHORITY'S JOINT OBJECTION TO THE DEBTOR'S MOTION TO SET SALE PROCEDURES AND TO APPROVE THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

1. On November 1, 2023, Uptown Partners, LP (the "Debtor") filed a motion to set sale procedures and to approve the sale of real property free and clear of all liens, claims, encumbrances and other interests (the "Sale Procedures Motion")

2. The real property in question is commonly known as "Governor's Square" and provides low income housing in the City of Harrisburg. The real property is more particularly described and defined in the Sales Procedure Motion.

3. The Real Property is subject to a deed restriction whereby the property can only be used for low income housing for an extended period of time due to the prior use of federal funding.

4. There are approximately 1,600 code violations and fines by the Debtor in connection with their operation.

5. The City of Harrisburg and the Harrisburg Redevelopment Authority (collectively the "Objectors") object to the Sale Procedures Motion on the following basis:

    (a) the deed restrictions cannot be divested by the 363 sale,

    (b) the Debtor should describe in detail all non-monetary

encumbrances and other interests that it is seeking to divest through the 363 sale process,

(c) the liens against the Real Property may not be in order of priority and the City of Harrisburg reserves the right to challenge such order in the future,

(d) it is unknown how the Debtor can assume and assign the leases while curing all defaults under the leases as part of any sale (ex. providing housing that is habitable or is code compliant),

(e) the legal effect of the prior code violations and (possibly corresponding fines) may not be divested by the sale,

(f) any buyer of the Real Property must be approved by the Department of Housing and Urban Development,

(g) some or all of the rent is paid from "Section 8" vouchers and subject to possibly state, local and federal restrictions, and

(h) the general non-monetary terms of any offer the Debtor might accept are not described in the Sale Procedures Motion and should be disclosed. For example, will the Debtor accept an offer by a buyer who will not continue providing low income housing or cure the numerous code violations related to the Real Property?

5. The decision to sell the Real Property has far reaching affects upon the City of Harrisburg and is more than just a math problem. The health and safety of the tenants must also be factored in to any acceptance of an offer.

6. The Objectors reserve the right to raise additional objections before the hearing on the Sale Motion.

WHEREFORE, the City of Harrisburg and the Harrisburg Redevelopment Authority request this Court to deny the Debtor's Sale Procedures Motion along with such other relief that is just and proper.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

Date: November 7, 2023	By: /s/Clayton W. Davidson
Clayton W. Davidson, Esquire
Attorney I.D. 79139
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 232-8000
Fax: (717) 260-1678
cdavidson@mcneeslaw.com

*Attorneys for City of Harrisburg*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Objection was electronically filed with the Clerk of Court of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system with electronic notice upon all attorneys of record.

McNEES WALLACE & NURICK LLC

Date: November 7, 2023

By: /s/Clayton W. Davidson
Clayton W. Davidson, Esquire
Attorney I.D. 79139
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 232-8000
Fax: (717) 260-1678
cdavidson@mcneeslaw.com

*Attorneys for City of Harrisburg*