IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:23-bk-00988-HWV |
|    UPTOWN PARTNERS, LP d/b/a | : | |
|    RESIDENCES AT GOVERNOR'S | : | Chapter 11 |
|    SQUARE, a/k/a GOVERNOR'S | : | |
|    SQUARE APARTMENTS | : | |
| | : | |
|               Debtor | | |
| | | |
| UPTOWN PARTNERS, LP | : | |
|           Movant | : | |
| | : | |
|       v. | : | |
| | : | |
| REDEVELOPMENT AUTHORITY | : | |
| OF THE CITY OF HARRISBURG, | : | |
| CAPITAL REGION WATER, CITY | : | |
| OF HARRISBURG, DAUPHIN | : | |
| COUNTY TAX CLAIM BUREUA | : | |
| and HARRISBURG AREA SCHOOL | : | |
| DISTRICT | : | |
|             Respondents | | |

**ORDER APPROVING DEBTORS' SALE PROCEDURES
AND SETTING A FINAL SALE HEARING**

This matter having come before the Court on the motion (the "Motion") of Uptown Partners, LP, d/b/a Residences at Governor's Square, a/k/a Governor's Square Apartments, ("Debtor"), by and through its Bankruptcy Counsel, Cunningham, Chernicoff & Warshawsky, P.C., for the entry of an order requesting approval of the auction sale and sale procedures regarding the Debtor's Real Property (as defined in the Motion) (the "Real Property") granting related relief pursuant to Sections 105, 363(b), (f), (k), (m), and (n), and 365 of Title 11 of the United States Code (the "Bankruptcy Code" or "Code") and

Rules 202, 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

The Court has further considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been provided to all interested parties and upon any entity that asserts a lien or interest in the Real Property by U.S. Mail and by the ECF system, and is due and sufficient in all regards; that the relief sought in the Motion as to the procedures is in the best interests of the Debtors' bankruptcy estate and the creditors thereof; and that good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.  Debtor is a debtor under Chapter 11 of the Code.

B.  This Court has jurisdiction over Debtor, all of Debtor's Real Property (as defined in the Motion), wherever located, and all creditors of Debtor. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

C.  Notice regarding the Motion and the relief as to the procedures requested in the Motion has been made in accordance with the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania.

D. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion as to the procedures has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Real Property.

E. The relief sought in the Motion as to the procedures is in the best interest of this estate, its creditors, and all parties in interest.

**THE COURT HEREBY ORDERS THAT:**

1. The auction sale and bidding procedures set forth in the Motion, and as set forth hereinafter are approved.

2. The bidding procedures are reasonably designed to maximize the value to be achieved for the Debtor's Real Property.

3. The sale procedures are approved as follows:

    a. The Debtor shall expose the Real Property to offers and bids, up until 5:00 p.m. on November 30, 2023.

    b. The Debtor shall make all potential buyers aware of the deed restrictions and encumbrances on the Real Property that are subject to the rights of the United States Department of Housing and Urban Development ("HUD") and provide potential buyers with a copy of the same and a copy of HUD's proof of claim filed in this case. The deed restrictions and encumbrances include, but are not limited to: (i) all Sales (as that term is defined in the deed restriction) and all new owners must be approved by HUD, (ii) the Real Property must be maintained as affordable housing in compliance with all affordability deed restrictions and requirements, (iii) HUD is entitled to a percentage of proceeds from *each* Sale until June 17, 2033, and (iv) all deed restrictions and encumbrances, including the right to Sale proceeds, runs with the land.

c. Up until 5:00 p.m. on November 30, 2023, the Debtor will accept all offers for purchase of the Real Property from third parties. Such offers must be made on the approved Purchase and Sale Agreement (the "Agreement") to be provided to prospective buyers, which will be available on the Hilco website at www.hilcorealestate.com. All offers are to be submitted to Jonathan Cuticelli at Hilco by electronic mail at jcuticelli@hilcoglobal.com, with a copy to Robert E. Chernicoff, Esquire, 2320 North Second Street, Harrisburg, Pennsylvania, rec@cclawpc.com, (717) 238-6570, such to be received no later than 5:00 p.m., November 30, 2023.

d. In the event there is more than one party providing offers as set forth above, an auction will be conducted telephonically or via Zoom at 3:00 p.m., on December 1, 2023. Any party who wishes to bid may participate and shall arrange for such participation through Jonathan Cuticelli of Hilco.

e. The Final Hearing on the approval of the Successful Bidder is scheduled for December 19, 2023 at 10:30 a.m. (the "Final Hearing").

f. All offers to be submitted must contain proof of financial ability to close on the transaction and shall not be subject to any financing or other such contingencies or due diligence period of time and, thus, all offers shall be without contingencies, except for approval of the Bankruptcy Court at the Final Hearing, and approval by the United States Department of Housing and Urban Development, the City of Harrisburg and (if the proposed sale is not paying the Redevelopment Authority Loans in full) the Redevelopment Authority,. At such auction, all bids higher than the first bid are to be made in increments of least $20,000.00, to occur on an open basis with all material terms of each bid being fully disclosed to all bidders. Nonetheless, the Debtor reserves the right to change the amount of the increments. In addition, following the auction, the Debtor reserves the right to continue to negotiate with bidders.

g. All offers must post a five percent (5%) deposit and enter into the Agreement.

h. Closing must occur within forty-five (45) days after the entry by the Court of an Order approving the Successful Bidder, and approved by the United States Department of Housing and Urban Development, the City of Harrisburg and (if the proposed sale is not paying the Redevelopment Authority Loans in full) the Redevelopment Authority.

i. The Successful Bidder shall set forth its intentions as to maintaining the Real Property for low-income housing in accordance with certain current deed restrictions as to the Real Property.

4. The Final Hearing on the Sale Motion is currently scheduled for **December 19, 2023 at 10:30 a.m.** in the United States Bankruptcy Court, 4th Floor, Courtroom 8, 1501 North 6th Street, Harrisburg, Pennsylvania. The Final Hearing shall be subject to such continuance as the Court may order. At such hearing, the Successful Bidder will be presented, as will the Debtor's request that the sale to the Successful Bidder be free and clear of all liens, claims and encumbrances.

5. Following the Auction Sale to be conducted by the Debtor on December 1, 2023, the Debtor shall have until 11:59 PM on December 5, 2023 to file a Report of Sale, a copy of the Sale Agreement, a Proposed Final Sale Order, and such Motion as is necessary to approve the final purchaser and the Debtor shall request all provisions required to appropriately transfer the Real Property free and clear of all liens, claims, encumbrances and other interests. If the Debtor cannot meet the December 5 deadline, the Debtor will adjourn the hearing to allow creditors (including the City of Harrisburg and the United States, Department of Housing and Urban Development) at least two weeks to review any new filings and, if necessary, object to the sale, including to object to the Successful Bidder, the proposed distribution of the sale proceeds and the sale being free and clear of liens, claims, encumbrances and other interests..

6. All creditors (including the City of Harrisburg and the United States, Department of Housing and Urban Development) shall have an opportunity to object until December 15, 2023. For the avoidance of doubt, this includes objecting to the Successful Bidder, the proposed distribution of sale proceeds, and the sale being free and clear of liens, claims, encumbrances, and other interests. Additionally, all parties in

interest have the right to request that the December 19, 2023 hearing be adjourned. At this time, the Debtor does not consent to an adjournment.

7. For the avoidance of doubt, this Order does not, and the Debtor is not requesting to impact/alter/impair the rights of the United States Department of Housing and Urban Development as set forth in the Real Property's deeds and riders. To the extent that in the future the Debtor or any other party wishes to impact/alter/impair the United States Department of Housing and Urban Development's rights or to strip the deed restrictions or encumbrances, it will do so through a motion with proper notice and opportunity to respond.

By the Court,

_____
Henry W. Van Eck, Chief Bankruptcy Judge
Dated: November 9, 2023