IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:23-bk-00988-HWV |
|    UPTOWN PARTNERS, LP d/b/a | : | |
|    RESIDENCES AT GOVERNOR'S | : | Chapter 11 |
|    SQUARE, a/k/a GOVERNOR'S | : | |
|    SQUARE APARTMENTS | : | |
| | : | |
|                 Debtor | : | |
| | | |
| UPTOWN PARTNERS, LP | : | |
|                 Movant | : | |
| | : | |
|         v. | : | |
| | : | |
| REDEVELOPMENT AUTHORITY OF | : | |
| THE CITY OF HARRISBURG, | : | |
| CAPITAL REGION WATER, CITY OF | : | |
| HARRISBURG, DAUPHIN COUNTY | : | |
| TAX CLAIM BUREUA and | : | |
| HARRISBURG AREA SCHOOL | : | |
| DISTRICT | : | |
|                 Respondents | : | |

**DEBTOR'S MOTION TO APPROVE SALE OF
REAL PROPERTY FREE AND CLEAR OF ALL LIENS,
CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS
(527 Peffer Street, 527 ½ Peffer Street, 531 Peffer Street and
533 Peffer Street, City of Harrisburg, Dauphin County, Pennsylvania)**

Uptown Partners, LP d/b/a Residences at Governor's Square a/k/a Governor's Square Apartments ("Debtor"), by and through its bankruptcy counsel, Cunningham, Chernicoff & Warshawsky, P.C., pursuant to Sections 105, 363(b), (c), (f), (k), and (m), and 1127(b) of Title 11 of the United States Code, 11 U.S.C. §§101 et seq., (the "Bankruptcy Code" or "Code") and Rules 2002, 6004, 6006, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves this Court for entry of an Order authorizing the sale free and clear of all liens, claims, encumbrances, and other interests asserted against the Debtor's real property located at and known as 527 Peffer Street; 527 ½ Peffer Street; 531 Peffer Street and 533 Peffer Street (the "Real Property), as follows:

**NOTICE TO PERSONS RECEIVING THIS MOTION: YOUR RIGHTS MAY BE AFFECTED.**

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND

2. On May 2, 2023, Debtor filed its voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code.

3. Following a Motion filed by the Debtor, on September 12, 2023, the Court entered an Order converting the case to a case under Chapter 11 of the United States Bankruptcy Code.

4. The Debtor is a limited partnership engaged in the business of providing low-income housing in the City of Harrisburg, Dauphin County, Pennsylvania (the "Business").

5. The Debtor is in possession of its property and, as Debtor-in-Possession, is operating its Business and managing its property.

6. The Debtor owns the Real Property.

7. As part of the Debtor's reorganization, the Debtor intends to sell the Real Property.

## THE PROPOSED SALE

8. On November 1, 2023, the Debtor filed a Motion to Set Sale Procedures and to Approve Sale of Real Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests (the "Procedures Motion"). The Procedures Motion is with respect to a larger parcel of real estate consisting of 221 units ("Governor's Square). The Real Property is contained in Governor's Square.

9. By a Tri-Party Agreement (the "Tri-Party Agreement"), by and among the Debtor, the Redevelopment Authority of the City of Harrisburg (the "Authority") and Homeland Center

("Homeland"), a non-profit corporation, the Debtor granted a right of first refusal to Homeland concerning the Real Property. Also included in the Tri-Party Agreement is an option for Homeland to purchase the Real Property for the sum of One Dollar ($1.00) (the "Option"). A true and correct copy of the Tri-Party Agreement is attached hereto as Exhibit "A" and made a part hereof.

10. Homeland has now indicated that it wishes to exercise the Option set forth in the Tri-Party Agreement and purchase the Real Property. Attached hereto as Exhibit "B", and made a part hereof, is a proposed Real Estate Purchase and Sale Contract (the "Agreement") and attached hereto as Exhibit "C", and made a part hereof, is an Addendum to the Agreement (the "Addendum"). As part of the sale process, the Agreement will be modified by the time of Court approval.

11. As part of the Addendum, Homeland is responsible for all title insurance costs and Homeland will be responsible for payment of all real estate taxes or Payment in Lieu of Taxes ("Pilot Charges"), as well as any past due sewer, trash and water charges on the Real Property.

12. The parcels contained in the Real Property are, as set forth above, part of Governor's Square. The Debtor is in the process of attempting to sell the balance of Governor's Square.

13. All parties that have expressed interest in the purchase of Governor's Square have been informed that the Real Property is not included as part of the sale because of the exercise by Homeland of the Option.

14. Because the Real Property has little or no value, the Debtor believes the sale is in its best interest, particularly given the condition of the property. Further, it will allow the Debtor to comply with the Tri-Party Agreement.

## LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

15. It is believed the following liens and encumbrances may exist on the Real Property:

   a. The Redevelopment Authority of the City of Harrisburg ("Redevelopment Authority") granted two loans to the Debtor as follows:

   i. A loan in the amount of $3,930,000.00; and

   ii. A loan in the amount of $4,950,000.00.

   (collectively the "Redevelopment Authority Loans"). The Redevelopment Authority Loans are each secured by first and second priority mortgages upon the Real Property. Under the Tri-Party Agreement, the Redevelopment Authority agrees to release its mortgages on the Real Property.

   b. Capital Region Water may be owed sums and the obligation for such sums may constitute a lien on the Real Property.

   c. The City of Harrisburg may have Claims in this case for sewer and trash charges. The obligation for such sums may constitute a lien on the Real Property.

   d. It is also believed that real estate taxes of Pilot charges may be owed on the Real Property to the City of Harrisburg, the Harrisburg Area School District and the Dauphin County Tax Claim Bureau.

   e. The Real Property is subject to certain restrictions as to the use of the Real Property as set forth in that Indenture of Restrictive Covenants (the "LURA") entered into by the Debtor with the Pennsylvania Housing Finance Agency ("PHFA"). A true and correct copy of the LURA is attached hereto as Exhibit "D" and made a part hereof. The LURA is intended to ensure that the units at Governor's Square maintain a certain ratio of low-income housing. Because Homeland was approved with respect to the Tri-Party Agreement by the Authority, who also has requirements as to low-income housing, the Debtor believes that it was intended that when the Real Property is conveyed to Homeland the Real Property would no longer be utilized for low-income housing as Homeland operates a non-profit facility for the elderly.

16. The Debtor requests that the sale of the Real Property be sold free and clear of all liens, claims, encumbrances and other interests, including, but not limited to, the liens and other matters above referenced, including any encumbrance caused by the LURA set forth in paragraph 15(e) above. As set forth above, it is believed that all parties were aware that the Real Property would no longer be utilized for low-income housing, but rather, may be utilized by Homeland for

other purposes. Therefore, it is requested that this sale include that is free and clear of any restrictions set forth in the LURA.

**RELIEF REQUESTED**

17. To the extent that any real estate taxes or Pilot Charges are owed, or any water, sewer or trash fees are owed to the City of Harrisburg, such will be paid by Homeland.

18. As noted, this transaction will convey the interest which the Debtor has in the Real Property.

**GROUNDS FOR RELIEF**

**A. Approval of Sale Pursuant to Bankruptcy Code Section 3639(b).**

19. Code Section 363(b)(1) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).

20. The proposed use, sale or lease of property of an estate may be approved under Code Section 363(b) if supported by sound business jurisdiction. See *Titusville Country Club v. Pennbank (In re Titusville Country Club)* 128 B. 396 (Bankr. W.D.Pa. 1991).

21. Although Code Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the use, sale or lease of assets, courts within the Third Circuit and others, in applying this Section, have invoked the "business judgment rule" as a standard. See *In re Exaeris,* 380 B.R. 741, 744 (Bankr.D.Del. 2008); *In re Del. & Hudson Ry. Co.,* 124 B.R. 169, 175-76 (D.Del. 1991); *In re Industrial Valley Refrig. & Air Conditioning sup., Inc.* 77 B.R. 15, 21 (Bankr.E.D.Pa. 1987) (proponent of sale must show "sound business purpose" and meet other requirement of Code Section 363 (b)(1)); *In re Lionel Corp.,* 722 F.2d 1063, 1068-69 (2d Cir. 1983) (a court may authorize the sale of a Chapter 11 debtor's assets when "a sound business purpose" dictates such action).

22. As discussed herein, the Debtor's decision to sell the Real Property is an exercise of reasonable business judgment.

**B. The Sale Should be Free of Liens, Claims, Encumbrances, and Other Interests.**

23. Pursuant to Code Section 363(f), a trustee may sell property free and clear of liens, claims, and encumbrances if one of the following conditions is satisfied.

- Applicable non-bankruptcy law permits sale of such property free and clear of such interest;

- Such entity consents;

- Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

- Such interest is in bona fide dispute; or

- Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f). See *In re Trans World Airlines, Inc.,* 322 F.3d 283, 288 (3d Cir. 2003) (court may approve sale "free and clear" provided at least one of the subsections is met)*; Criimi Mae Services L.P. v. WDH Howell, LLC (In re WDH Howell, LLC)* 298 B.R. 527, 530 (Bankr.D.N.J. 2003).

24. Because the Redevelopment Authority, the holder of the mortgage liens upon the Real Property, previously consented to the sale, it is believed that the entity that has the encumbrances on the Real Property has consented to the sale proposed in this Motion, and, thus, the requirements of Code Section 363(f) are satisfied.

25. The Debtor may sell the Real Property free and clear of any lien, claim, encumbrance, or interest so long as all secured liens attach to the sale proceeds. See *Milford Group, Inc. v. Concrete Steps Unit, Inc. (In re Milford Group, Inc.)* 150 B.R. 904 (Bankr.M.D.Pa. 1992).

26. Accordingly, the court should authorize the Debtor to sell the Real Property to the Buyer, free and clear of any and all liens, claims, interest, and encumbrances, with such liens to

be transferred and attached to the gross proceeds of the sale, with the same validity and priority that such liens had against the Real Property, and subject to the aforesaid costs of sale set forth in this Order.

### C. The Buyer Should Be Granted the Protections of a Good Faith Purchaser

27. Code Section 363(m), 11 U.S.C. §363(m), provides:

> (m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

28. While the Bankruptcy Code does not define "good faith", the Court of Appeals for the Third Circuit ruling in *In re Abbotts Dairies of Pennsylvania, Inc.* 788 F.2d 143 (3rd cir. 1986) held that:

> [t]he requirement that a purchaser act in good faith…speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted). Debtor submits that the hereinabove referenced sale is an arm's length transaction in which the Buyer acted in good faith under the *Abbotts Daires* standards. The sale was obtained by and negotiated by a licensed real estate broker. The Buyer is not related to the Debtor or related to any party that is related to the Debtor or has any connection with the Debtor.

29. Accordingly, Debtor asks that this Honorable Court determine that the Buyer is acting in good faith and are entitled to the protections of a good faith purchaser under Code Section 363(m). See *Cinicola v. Scharffenberger,* 248 F.3d 110, 121-22 (3rd Cir. 2001) (recognizing that

the protections of Code Section 363(m) promote the policy of finality for third parties who have acted in good faith).

### D. Request that the Sale Approval Order Be Effective Immediately.

30. Bankruptcy Rule 6004 provides that an order authorizing the use, sale, or lease of property, is stayed until the expiration of 14 days after the entry of the order, <u>unless</u> the court orders otherwise. Fed.R.Bankr.P. 6004(h). Closing under the Agreement of Sale is requested to occur as soon as possible. Therefore, Debtor requests that any order approving the sale transaction be effective immediately by declaring inapplicable the 14-day stay provided in Bankruptcy Rules 6004(h) and 6006(d).

### STATEMENT REQUIRED UNDER LOCAL RULE 6004-4

31. Debtor is a Pennsylvania corporation and no other party has an ownership interest in the Real Property which is being sold under this Motion.

32. No sub-parts of Local Rule 6004-4 are implicated by the proposed transaction, as the Buyer bears no relationship to Debtor, nor does the proposed transaction contemplate any breakup fee.

33. The Debtor and Homeland have no connection with each other, and neither the Debtor, its affiliates, or any owners of the Debtor and its affiliates, have any connection with Homeland.

### CONCLUSION

WHEREFOR, Debtor, Uptown Partners LP, respectfully requests that this Honorable Court:

    a. Promptly schedule a hearing to consider the relief herein requested; and

  b. At the conclusion of such hearing enter an Order substantially in the form accompanying this Motion, approving the sale, as proposed.

            Respectfully submitted:

            CUNNINGHAM, CHERNICOFF
            & WARSHAWSKY, P.C.


            By: /s/ Robert E. Chernicoff
            Robert E. Chernicoff, Esq.
            Attorney ID No. 23380
            2320 North Second Street
            PO Box 60457
            Harrisburg, PA 17106-0457
            (717)238-6570

Date: December 11, 2023