IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:23-bk-00988-HWV |
|    UPTOWN PARTNERS, LP d/b/a | : | |
|    RESIDENCES AT GOVERNOR'S | : | Chapter 11 |
|    SQUARE, a/k/a GOVERNOR'S | : | |
|    SQUARE APARTMENTS | : | |
| | : | |
|                Debtor | : | |
| | | |
| UPTOWN PARTNERS, LP | : | |
|             Movant | : | |
| | : | |
|             v. | : | |
| | : | |
| REDEVELOPMENT AUTHORITY | : | |
| OF THE CITY OF HARRISBURG, | : | |
| CAPITAL REGION WATER, CITY | : | |
| OF HARRISBURG, DAUPHIN | : | |
| COUNTY TAX CLAIM BUREUA and | : | |
| HARRISBURG AREA SCHOOL | : | |
| DISTRICT | : | |
|               Respondents | : | |

**DEBTOR'S MOTION TO APPROVE AUCTION PURCHASER
OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS
ENCUMBRANCES AND OTHER INTERESTS**

The Motion of Uptown Partners, LP d/b/a Residences at Governor's Square a/k/a Governor's Square Apartments ("Debtor") to Approve Auction Purchaser of its real property located in the City of Harrisburg, Dauphin County, Pennsylvania, containing Tax Parcels 10-026-064; 10-026-07; 10-026-051; 10-026-91; 10-026-091; 10-026-88; 10-026-93; 11-005-083; 11-004-066; 11-004-068; 11-004-019; 11-010-003; 11-010-006; 11-010-129; 10-026-91; 10-026-033; 10-033-055; 10-033-030; 10-033-020; 10-033-015; 10-026-048; 10-032-37, 49 & 52; 10-032-045; 10-032-038 & 10-025-072; 10-040-001; 10-040-021, 026, 029, 033, 037, 041 & 045; 10-033-034; 10-033-044; 10-033-056; 10-026-030; and 10-040-051 (the "Real Property") (the "Final Sale Motion"), is as follows:

1. On May 2, 2023, the Debtor filed a voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date"). On September 12, 2023, the case was converted to case under Chapter 11 of the Bankruptcy Code. As a result thereof, the Debtor has been appointed a Debtor-in-Possession and manages its assets and operates its business.

2. On November 1, 2023, the Debtor filed a Motion to Approve Procedures and for Authority to Sell the Real Property Free and Clear of All Liens, Claims, Encumbrance and Other Interests (the "Auction Motion").

3. Following a hearing, the Court entered an Order (the "Procedures Order") approving the relief requested in the Auction Motion.

4. The Debtor has listed the Real Property for sale with Hilco Real Estate LLC ("Hilco"), in order to assist with the advertising and marketing of the Real Property and to seek potential buyers.

5. As a result of Hilco's efforts, inquiries were received from multiple parties. Those parties were provided with extensive information concerning the Real Property which is the subject of the sale.

6. As a result of the Procedures Order, the Debtor, with the assistance of Hilco the Debtor initially obtained five (5) offers for the purchase of the Real Property.

7. Each of the bids or offers for the Real Property had certain different terms which caused the Debtor, with the assistance of Hilco, to contact each party and attempt to clarify the offers.

8. As a result, the auction was continued until January 10, 2024. All interested parties were notified of the date and time of the auction. The following offers were received:

  a. 2087 Market Street LLC, $9,594,000.00, plus payment of all real taxes, payments in lien of real estate taxes, water, trash, sewer and bills and payment of a five percent (5%) buyer's premium.

  b. ANCDI, $9,624,000.00, plus payment of all real taxes, payments in lien of real estate taxes, water, trash, sewer and bills and payment of a five percent (5%) buyer's premium.

  c. WODA Cooper, $9,130,000.00

9. Each of the above offers include an assumption of current outstanding secured debt as owed to the Harrisburg Redevelopment Authority in an amount of approximately $8,900,000.00. The approximate amount of the real estate taxes, sewer, trash and water bills proposed to be paid with the buyer's premium is $1,000,000.00.

10. The bid from WODA Cooper included only a $25,000.00 deposit. The other two bids from 2087 Market Street LLC and ANCDI provided for a deposit of five percent (5%) of the bid amount.

11. Further, the bid from WODA Cooper had various contingencies, including, but not limited to, a 120 due diligence period of time, an additional ninety (90) days to close, a financing contingency and a contingency for certain tax credits from the Commonwealth of Pennsylvania under a program believed to be administered by the Pennsylvania Housing Financing Agency. The Sale Procedures Order sets forth that all offers for the Real Property are to be without conditions.

12. The bids from 2087 Market Street LLC and ANCDI had no contingencies. Each of such parties are agreeable to closing within forty-five (45) days after approval of the Court of the Successful Bidder as the buyer of the Real Property.

13. Each of 2087 Market Street LLC and ANCDI provided proof of funds sufficient to close, as well as proof of additional funds to provide for certain renovations and repairs which need to be made to the improvements on the Real Property.

14. Further, ANCDI, and, possibly, 2087 Market Street LLC, is believed to have submitted sufficient information to the United States Housing and Urban Development Department ("HUD") so as to gain approval from HUD for the transaction. It is believed that the approval of HUD to the transaction is necessary under the terms and conditions of the initial loans which are secured upon the Real Property.

15. At the conclusion of the auction, the highest bidder was determined to be ANCDI for the sum of $9,624,000.00, with no conditions, except for Bankruptcy Court approval.

16. Accordingly, the Debtor proposes to sell the Real Property set forth in the Auction Motion to ANCDI (the "Successful Bidder"), for the sum of $9,624,000.00 and other consideration. The Debtor and ANCDI are in the process of finalizing the Agreement of Sale setting forth the terms of the sale, as set forth in the Auction Motion. In addition, 2087 Market Street LLC was identified as the second highest bidder. 2087 Market Street LLC was informed at the auction that it was considered to be the back-up bidder and would not receive a return of its deposit until such time as closing occurred on the sale to ANCDI, or there is a default or other disposition as to the ANCDI bid and closing does not occur with ANCDI.

17. The consideration payable by ANCDI as bid at the auction includes cash over and above the assumption of the loan held by the Harrisburg Redevelopment Authority, payment of real estate taxes and payments in lieu of real estate taxes, water, trash and sewer bills, of $300,000.00, which payment will be utilized to fund certain expenses of the sale and utilized for payments as set forth below.

18. As part of the Auction Motion and as approved by the Procedure Order, certain costs are to be paid as follows:

      a.      Any notarization or incidental filing charges required to be paid by Debtor as seller.

      b.      All other costs and charges apportioned to Debtor, as seller, under the documents contemplated thereby.

      c.      All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of a total of $50,000.00, on account of legal fees and expenses owed to Cunningham, Chernicoff & Warshawsky, P.C., Debtor's counsel in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of the sale, and otherwise in connection with this case, and subject to such approval by the Court of such fees and expenses. In the event fees and expenses are not approved by the Court at the time of closing on the sale, any fees and expenses not approved will be escrowed by Cunningham, Chernicoff & Warshawsky, P.C.

      d.      Past due real estate taxes and present real estate taxes or payments in lieu of real estate taxes, pro rated to the date of closing on the sale.

      e.      Past due and present trash and sewer charges , pro rated, to the date of closing on the sale.

      f.      Past due sums owed to Capital Region Water, plus current sums owed to Capital Region Water, pro rated, to the date of closing on the sale.

      g.      All transfer taxes which may be owed on account of the transaction shall be paid by the Successful Bidder.

      h.      Payment of a five percent (5%) commission of the sale consideration to Hilco Real Estate, LLC charged and payable as a buyer's premium, plus the costs and expenses related to the sale not to exceed $15,000.00.

      i.      Payment of all United States Trustee Fees incurred pursuant to the sale payable to the United States Trustee.

      j.      A carveout for unsecured creditors in the amount of $100,000.00.

19.      The Redevelopment Authority will have its loan assumed by the Successful Bidder. After payment of the costs and expenses as set forth above, the balance of the proceeds shall be held for distribution either under a Liquidating Plan of Reorganization or a Chapter 7 Trustee, in the order of priority under the Bankruptcy Code.

20.      In the event there is a dispute as to the disposition of any sale proceeds, net of the aforesaid costs of sale identified above, or as to the costs proposed to be paid

herein, then the sale shall proceed, and following closing of the sale, any disputed proceeds shall be deposited in escrow by the Debtor's bankruptcy counsel, Cunningham, Chernicoff & Warshawsky, P.C., pending further Order of this Court.

**WHEREFORE**, it is respectfully requested this Honorable Court enter an Order as follows:

    a.    approving the sale of the Debtor's Real Property to ANCDI for the sum of $9,624,000.00, and other consideration as set forth above;

    b.    approving the distributions set forth above;

    c.    that the Debtor shall have such other and further relief as is just and proper.

Respectfully submitted:

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff
    Robert E. Chernicoff, Esquire
    Attorney I.D. No. 23380
    2320 North Second Street
    P. O. Box 60457
    Harrisburg, PA 17106-0457
    (717) 238-6570

Date: January 17, 2024