IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:23-bk-00988-HWV |
|    UPTOWN PARTNERS, LP d/b/a | : | |
|    RESIDENCES AT GOVERNOR'S | : | Chapter 11 |
|    SQUARE, a/k/a GOVERNOR'S | : | |
|    SQUARE APARTMENTS | : | |
| | : | |
|                     Debtor | : | |
| | | |
| UPTOWN PARTNERS, LP | : | |
|                 Movant | : | |
| | : | |
|        v. | : | |
| | : | |
| REDEVELOPMENT AUTHORITY | : | |
| OF THE CITY OF HARRISBURG, | : | |
| CAPITAL REGION WATER, CITY | : | |
| OF HARRISBURG, DAUPHIN | : | |
| COUNTY TAX CLAIM BUREUA | : | |
| and HARRISBURG AREA SCHOOL | : | |
| DISTRICT | : | |
|               Respondents | : | |

**ORDER APPROVING SALE OF DEBTOR'S REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

This matter having come before the Court on the motion (the "Motion") of Uptown Partners, LP d/b/a Residences at Governor's Square a/k/a Governor's Square Apartments ("Debtor"), by and through its Bankruptcy Counsel, Cunningham, Chernicoff & Warshawsky, P.C., for the entry of an order upon Debtor's Motion to Approve Sale Procedures and Authority to Sell Real Property of the Debtor Free and Clear of All Liens, Claims, Encumbrances, and Other Interests (the "Auction Motion") and the Debtor's Motion to Approve Auction Purchaser of Real Property and to Approve Distributions (the

"Final Sale Motion"), and following a hearing on the Final Sale Motion, and an Order having previously been entered approving the sale procedures (the "Procedures Order"), and following solicitation of bids for the Debtor's Real Property and an auction as to the sale having been conducted, the Court enters an Order as set forth hereinafter.

The Court has further considered the Auction Motion and Final Sale Motion, and the matters reflected in the record of the hearing held on both Motions.  All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Auction Motion and Sale Motion.  It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion has been provided to all interested parties and upon any entity that asserts a lien or interest in the Real Property by U.S. Mail and by the ECF system, and is due and sufficient in all regards; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtors' bankruptcy estate and the creditors thereof; and that good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.　　Debtor is a debtor under Chapter 11 of the Code.

B.　　The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (f), (k), (m), and (n).

C.　　This Court has jurisdiction over Debtor, the Debtor's Real Property (as defined in the Motion) and all creditors of Debtor.  This Court has jurisdiction to hear and

to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

D. Notice regarding the Motions and the other relief requested in the Motions have been made in accordance with the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Middle District of Pennsylvania.

E. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens Real Property.

F. The relief sought in the Motion is in the best interests of this estate, its creditors, and all parties in interest.

G. Debtor has advanced sound and sufficient business justifications, and it is a reasonable exercise of the Debtors' business judgment to sell the Real Property.

H. The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), 363(k), 363(m), 363(n); and all of the applicable provisions of such sections have been complied with in respect of the sale.

I. This Order constitutes a final Order within the meaning of 28 U.S.C. §158(a). Notwithstanding Bankruptcy Rules 6004(h) and to any extent necessary, the Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

## THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court. To the extent any such findings are deemed to be conclusions of law or are decretal in character, then such conclusions or decrees are hereby confirmed.

2. The relief requested in the Auction Motion and Final Sale Motion is granted and approved. Any and all objections to the Sale Motion are, to the extent not withdrawn, waived, or settled, or by stipulation filed with the Court, or otherwise, and all reservation of rights included therein, or to the extent not otherwise resolved as reflected in this Order, hereby denied and overruled. All parties who did not object are deemed to have consented pursuant to Code Sections 363(f)(2). Debtor, as Seller, is authorized and empowered to perform the relevant or appropriate conveyances and duties referenced in the Motion that may be reasonably necessary or desirable to implement the sale.

3. The sale to ANCDI ("Buyer") for the sum of $9,624,000.00 and other consideration is hereby approved pursuant to Sections 105(a), 363(b), 363(f), 363(k), 363(m), and 363(n), of the Bankruptcy Code.

4. 2087 Market Street LLC is designated as the backup buyer and the deposit provided by 2087 Market Street LLC is not to be returned until such time as closing occurs to the Buyer or the Buyer's bid and offer to purchase are otherwise ended.

5. One or more conditions of Code §363(f) are satisfied in the present instance.

6. Any other provisions of the Bankruptcy Code governing the sale of property, free and clear of liens, claims, encumbrances and other interests, outside the scope of Debtor's ordinary course of business, have been satisfied. Notwithstanding any other provision of this Order, and subject to Section 541 of the Code, this Order shall authorize the free and clear sale, lease or transfer of property only to the extent of the Debtor's legal or equitable interests in such property.

7. Subject to the distributions set forth in this Order, all Liens and Claims shall transfer and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Real Property to the net proceeds obtained for the Real Property subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such Liens and Claims. This Order is deemed to operate as a release of all Liens and Claims as and when the sale of the Real Property occurs. If the proposed sale of the Real Property fails to close for any reason, then such Liens and Claims shall continue against the Real Property unaffected by this Order. All holders of recorded liens and claims affecting the Real Property are hereby directed to prepare, and to record promptly after the closing of sale of the Real Property releases of such Liens and Claims reasonably satisfactory to the Buyer.

8. Neither Buyer, its affiliates, or designees, nor their respective successors or assigns, shall be obligated or liable, either directly, indirectly, or vicariously, as successor, transferee or otherwise, for any liens or claims including on account of any taxes payable by Debtor or any of its affiliates (whether under federal, state law or

otherwise) as a result of the sale or purchase of the Real Property or the employment or termination thereof, of any current or former employee of the Debtor. Buyer, its affiliates, its designee, or their respective successors and assigns, shall not be, nor be deemed to be, a successor or successor-in-interest or responsible person or potentially responsible person to the Debtor or any current or former creditor, employee, equity holder or other person, and none shall have any liability for successor liability. Except as expressly set forth in the Agreement, Buyer is not expressly or impliedly agreeing to assume any liabilities of the Debtor.

9. Buyer, as a result of the consummation of the purchase of the Real Property shall not be deemed to be a mere continuation or substantial continuation of Debtor, has not, *de facto* or otherwise, merged with or into the Debtor or its affiliates and does not constitute a successor to the Debtor by reason of any theory of law or equity.

10. The terms and conditions of the sale as set forth in Debtor's Sale Motion and in the Court's Order approving Debtor's Motion to Approve Sale Procedures and for Authority to Sell Real Property Free and Clear of All Liens, Claims Encumbrances and Other Interests are incorporated herein. Closing on the sale must occur within twenty (20) days of the date of entry of this Order, unless such date is extended only by the Debtor.

11. Nothing herein shall work to the prejudice of the rights of Debtors or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

12. All entities that presently are, or on the Closing date may be, in possession of some or all of the Real Property are hereby directed to surrender possession thereof to the Purchaser on each aforesaid closing date.

13. Debtor shall to pay costs and expenses associated with the sale of the Real Property at Closing as follows:

    a. Any notarization or incidental filing charges required to be paid by Debtor as seller.

    b. All other costs and charges apportioned to Debtor, as seller, under the documents contemplated thereby.

    c. All costs associated with the preparation of the conveyance instruments and normal services with respect to closing, including payment of a total of $50,000.00, on account of legal fees and expenses owed to Cunningham, Chernicoff & Warshawsky, P.C., Debtor's counsel in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of the sale, and otherwise in connection with this case, and subject to such approval by the Court of such fees and expenses. In the event fees and expenses are not approved by the Court at the time of closing on the sale, any fees and expenses not approved will be escrowed by Cunningham, Chernicoff & Warshawsky, P.C.

    d. Past due real estate taxes and present real estate taxes or payments in lieu of real estate taxes, pro rated to the date of closing on the sale.

    e. Past due and present trash and sewer charges, pro rated, to the date of closing on the sale.

    f. Past due sums owed to Capital Region Water, plus current sums owed to Capital Region Water, pro rated, to the date of closing on the sale.

    g. All transfer taxes which may be owed on account of the transaction shall be paid by the Successful Bidder.

    h. Payment of a five percent (5%) commission of the sale consideration to Hilco Real Estate, LLC charged and payable as a buyer's premium, plus the costs and expenses related to the sale not to exceed $15,000.00.

    i.  Payment of all United States Trustee Fees incurred pursuant to the sale payable to the United States Trustee.

    j.  A carveout for unsecured creditors in the amount of $100,000.00.

  14.  The Redevelopment Authority will have its loan assumed by the Successful Bidder. After payment of the costs and expenses as set forth above, the balance of the proceeds shall be held for distribution either under a Liquidating Plan of Reorganization or a Chapter 7 Trustee, in the order of priority under the Bankruptcy Code.

  15.  In the event there is a dispute as to the disposition of any sale proceeds, net of the aforesaid costs of sale identified above, or as to the costs proposed to be paid herein, then the sale shall proceed, and following closing of the sale, any disputed proceeds shall be deposited in escrow by the Debtor's bankruptcy counsel, Cunningham, Chernicoff & Warshawsky, P.C., pending further Order of this Court.

  16.  This Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Auction sale and each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Real Property; (c) to compel delivery of the Real Property to Buyer; (d) to resolve any disputes arising under or related to the sale; and (e) to interpret, implement, and enforce the provisions of this Order.

  17.  The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of Debtor, its bankruptcy estate, its creditors, and purchaser, and its respective representatives, administrators, successors, and assigns, and any affected

third parties, including but not limited to any person that asserts or may assert any Liens and Claims against, or in, this bankruptcy estate or the Real Property, and any bankruptcy trustee of Debtor who hereafter may be appointed.

18. No person or entity, with notice of this Order, shall take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by this Order, and no such person or entity shall interfere with purchaser's exclusive right to the Real Property. Any party in possession of any of the Real Property shall provide and turnover such Real Property to the Buyer at or following closing of the sale set forth above.

19. This Order shall be effective and enforceable immediately upon its entry, and the stay imposed by Bankruptcy Rules 6004(n) are hereby waived and declared inapplicable.