IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:23-bk-00988-HWV |
| UPTOWN PARTNERS, LP d/b/a | : | |
| RESIDENCES AT GOVERNOR'S | : | Chapter 11 |
| SQUARE, a/k/a GOVERNOR'S | : | |
| SQUARE APARTMENTS | : | |
| | : | |
| Debtor | : | |
| | | |
| UPTOWN PARTNERS, LP | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| REDEVELOPMENT AUTHORITY | : | |
| OF THE CITY OF HARRISBURG, | : | |
| CAPITAL REGION WATER, CITY | : | |
| OF HARRISBURG, DAUPHIN | : | |
| COUNTY TAX CLAIM BUREUA | : | |
| and HARRISBURG AREA SCHOOL | : | |
| DISTRICT | : | |
| Respondents | : | |

**ORDER APPROVING SALE OF REAL PROPERTY FREE AND CLEAR OF
ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**
**(527 Peffer Street, 527 ½ Peffer Street, 531 Peffer Street and 533 Peffer Street, City
of Harrisburg, Dauphin County, Pennsylvania)**

This matter is before the Court on the motion (the "Motion") of Uptown Partners,

LP ("Debtor") for entry of an order authorizing sale of the Debtor's Real Property located

at and known as 527 Peffer Street, 527 ½ Peffer Street, 531 Peffer Street and 533 Peffer

Street, City of Harrisburg, Dauphin County, Pennsylvania (the "Real Property").

The Court has considered the Motion and the matters reflected in the record of the

hearing held on the Motion. All capitalized terms used herein not otherwise defined have

the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over

this proceeding; that this is a core proceeding; that notice of the Motion and this Court's

hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity

that may assert a lien or interest in the Property, and such is due and sufficient in all regards;

that no further notice is necessary; that the relief sought in the Motion is in the best interests

of the Debtor's bankruptcy estate and the creditors thereof; and good and sufficient cause

exists for such relief.

## THE COURT HEREBY FINDS AND CONCLUDES THAT:

A.      Debtor is a Debtor-in-possession under Chapter 11 of the Bankruptcy Code.

B.      The relief requested in the Motion is sought pursuant to applicable

substantive and procedural law, including Code Sections 105, 363(b), (c), (f), (k), (m) and

(n) and Bankruptcy Rules 2002, 6004, 9013, and 9014.

C.      This Court has jurisdiction over Debtor, over all of Debtor's assets wherever

located, and over all creditors of the Debtor. This Court has jurisdiction to hear and to rule

upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C.

§157(b)(2).

D.      Notice regarding the Motion and the hearing thereon has been due and

sufficient in content, timing, and service in accordance with the Bankruptcy Code and the

Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and

based on the record before this Court, proper, timely, adequate and sufficient notice of the

Motion, the hearing regarding the Motion, and the proposed transfer of the Real Property

therein referenced, has been provided to all creditors and interested parties in the Debtor's

above-referenced Chapter 11 case. Such notice was good and sufficient and appropriate

under the particular circumstances in accordance with Code Sections 102(1) and 363, and

Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

E.       Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Real Property.

F.       The sale of the Real Property is an exercise under the option to purchase, as more fully set forth in the Tri-Party Agreement, dated February 17, 2006, attached to the Motion as Exhibit "A".  Neither the Debtor nor Buyer have engaged in any conduct that would cause or permit any part of the proposed sale to be voided (or the validity of the sale affected) under Code Section 363(n) or any other provisions of the Bankruptcy Code.

G.       The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H.       Debtor advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated in the Motion (the "Sale Transaction").

I.       The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), 363(m) and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

J.       Debtor may sell the Real Property to the Buyer free and clear of all Liens and Claims (as more fully set forth in the Motion and as may be listed therein) because one or

more of the standards set forth in Code § 363(f)(1) - (5) has been satisfied. Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code § 363(f)(2).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2.      The Motion is granted, except as modified herein. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented to the sale of the Real Property pursuant to Bankruptcy Code Section 363(f)(2). The Debtor, as Seller, is authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3.      Notwithstanding anything to the contrary which may be set forth in any agreement between the Debtor and Homeland, at closing, Homeland is responsible for payment of all transfer taxes, real estate taxes or payments in lieu of taxes, and any sewer, water and trash charges which may constitute a lien upon the Real Property.

4.      Each of the Agreement, bills of sales, releases, other agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale of the Real Property are approved and authorized in their entirety, except as may be modified in this Order.

5.      Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f) to perform all of its obligations under the Agreement.

6.        As provided herein the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f) and 363(n).

7.        Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

8.        Counsel to the Debtor shall be provided with a draft of the Settlement Statement prior to closing.

9.        Debtor hereby is authorized to execute, deliver, exchange, and perform under the Agreement and all other documents necessary or appropriate to consummate sale and transfer of the Real Property to the Buyer.

10.        Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Real Property, to the net proceeds obtained for the Real Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims, except for easements of roads, privileges or rights of public service companies, if any, agreement or like matters of record, and easements or restrictions visible upon the ground, and when sale of the Real Property occurs. If the proposed sale of the Real Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Real Property are hereby directed to prepare, and record promptly after the closing of sale

of the Real Property, releases of such Liens and Claims reasonably satisfactory to the Buyer.

11.     Nothing herein shall work to the prejudice of the rights of the Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

12.     Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the Closing Date, all Liens, Claims and encumbrances, including, but not limited to, any restrictions which may be set forth in the Indenture Restrictive Covenants dated March 13, 2003 by and between the Debtor and the Pennsylvania Housing Finance Agency, as recorded in the Recorder of Deeds of Dauphin County, Pennsylvania, in Book 5460, Page 615, such that such restriction shall no longer be applicable to the Real Property, or that may be raised as to the Real Property, except for easements of roads, privileges or rights of public service companies, if any, agreements or like matters of record, and easements or restrictions visible upon the ground, prior to such closing have been unconditionally released and terminated.

13.     This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or otherwise record or release any documents or  instruments or who may be required to report or insure any title or state of title in, to, or as regards the Real Property (all such persons or entities being

"Recording Officers"). All recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Real Property in conformity herewith.

14.	The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Real Property; (c) to compel delivery of the Real Property to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

15.	This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004 is declared inapplicable and waived.


By the Court,

Henry W. Van Eck, Chief Bankruptcy Judge
Dated: January 24, 2024