IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | |
| --- | --- | --- |
| | : | CHAPTER 11 |
| UPTOWN PARTNERS, LP | : | |
| d/b/a | : | CASE. NO. 1:23-bk-00988-HWV |
| RESIDENCES AT | : | |
| GOVERNOR'S | : | |
| SQUARE, a/k/a | : | |
| GOVERNOR'S | : | |
| SQUARE APARTMENTS | : | |

**OBJECTION OF THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT TO *BOTH* UPTOWN PARTNERS, LP'S MOTION TO SET SALE PROCEDURES AND TO APPROVE SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS *AND* MOTION TO APPROVE AUCTION PURCHASER OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**

The United States Department of Housing and Urban Development ("HUD"), by and through its undersigned counsel, respectfully objects to both Uptown Partners LP's *Motion to Set Sale Procedures and to Approve Sale of Real Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests*, ECF No. 79, and *Motion to Approve Auction Purchaser of Real Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests*, ECF No. 106, and alleges as follows:

1

## Introduction

1. HUD objects to the Debtor's motions for the following reasons: (a) the parties have failed to provide HUD with requested information regarding the proposed purchaser and transaction; (b) the parties have failed to agree to conditions required for HUD to approve the conveyance; (c) the debtor has failed to provide for HUD's right to proceeds in its proposed distribution; (d) the proposed order is silent as to HUD's Deed Restrictions, notably that the Deed Restrictions run with the property; (e) the uncertainty of relief the Debtor is requesting when it asks for "free and clear;" and (f) that there has been no sale agreement filed.

## Background

**A. HUD's Interest**

2. On June 17, 2003, the Secretary of Housing and Urban Development conveyed real property, including the property at issue in this case commonly referred to as Governor's Square (the "Property"), in exchange for less than $5 and subject to multiple covenants as set out in multiple riders attached to the property's Special Warranty Deeds (collectively, "HUD's Deed Restrictions"). POC No. 186-1.

3. HUD provided over $21 million in consideration for HUD's Deed Restrictions through grant funding for the Property's improvement and conveying

2

the Property for a nominal amount despite HUD's payment of claims for the defaulted loans covering the property. POC No. 186-1.

4. As a result of HUD's Deed Restrictions, the Property is subject to certain requirements including that:

   i. All conveyances must be approved by HUD;

   ii. the real property must be maintained as affordable housing in compliance with all affordability deed restrictions and requirements;

   iii. HUD is entitled to a percentage of proceeds from each Sale until June 17, 2033; and

   iv. all deed restrictions and encumbrances, including the right to Sale proceeds, run with the land.

POC No. 186-1.

5. HUD regarded HUD's Deed Restrictions as consideration for HUD selling the Property at below market value and providing grant money for the Property's improvement.

**A. Debtor's Bankruptcy Case**

6. On May 2, 2023, Uptown Partners LP (the "Debtor") filed for bankruptcy. ECF No. 1.

7. On May 15, 2023, the Debtor filed its Schedule A/B which included the Property which is subject to HUD's Deed Restrictions. ECF No. 13.

8. On October 30, 2023, HUD filed a proof of claim asserting its contingent claim and attaching evidence of HUD's Deed Restrictions. POC No. 186.

B. **Debtor's Auction Procedures Motion**

9. On November 1, 2023, the Debtor filed a *Motion to Set Sale Procedures and to Approve Sale of Real Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests* (the "Auction Procedures Motion"). ECF No. 79.

10. HUD was not one of the named respondents listed in the Auction Procedures Motion. *Id*. at p. 1.

11. The Auction Procedures Motion requested that this Court approve bidding procedures and that at a final hearing the real property be sold "free and clear of any liens, claims, interest **and encumbrances of every kind or nature whatsoever**" pursuant to section 363(f). *Id.* at *l.* 15 (emphasis added).

12. The Auction Procedures Motion goes on to list the liens and encumbrances that the Debtor believes exist on the property. *Id.* at *l.* 16. Neither HUD's interests nor HUD's Deed Restrictions were included. *Id.*

13. But in the Auction Procedures Motion the Debtor makes clear that it is asking the property "be sold free and clear of all liens, claims, encumbrances and

4

Case 1:23-bk-00988-HWV    Doc 126    Filed 02/20/24    Entered 02/20/24 16:41:57    Desc
Main Document    Page 4 of 17

other interests, **including, but not limited to, the liens and other matters above referenced**[.]" *Id.* at *l.* 17.

16. In support of its request to sell the property free and clear, the Debtor cited to section 363(f) and argued that: "Debtor believes that one or more conditions of Code §363(f) are satisfied in the present instance." *Id.* at *l.* 41. The Debtor furthered that "Debtor may sell its Real Property free and clear of any lien, claim, encumbrance, or other interest provided the Real Property sale price exceeds the aggregate value of all secured liens, namely, the value of the collateral." *Id.* at *l.* 42. Finally, the Debtor requested that the Court "authorize the Debtor to sell the Real Property free and clear of any and all liens, claims, interest, and encumbrances, with such liens to be transferred and attached to the gross proceeds of the sale, with the same validity and priority that such liens had against the Real Property, and subject to the aforesaid costs of sale set forth in this Motion." *Id.* at *l.* 43.

15. HUD raised issues with the Auction Procedures Motion to Debtor's counsel and in response, the parties agreed to submit a revised proposed order to the Court. ECF No. 86.

16. On November 9, 2023, the Court entered an Order Approving Debtors' Sale Procedures and Setting a Final Sale Hearing (the "Procedures Order"). ECF No. 88.

5

Case 1:23-bk-00988-HWV    Doc 126    Filed 02/20/24    Entered 02/20/24 16:41:57    Desc
Main Document    Page 5 of 17

17. The Procedures Order required the Debtor to make all potential buyers aware of HUD's Deed Restrictions. Specifically, the Procedures Order provided:

> The Debtor shall make all potential buyers aware of the deed restrictions and encumbrances on the Real Property that are subject to the rights of the United States Department of Housing and Urban Development ("HUD") and provide potential buyers with a copy of the same and a copy of HUD's proof of claim filed in this case. The deed restrictions and encumbrances include, but are not limited to: (i) all Sales (as that term is defined in the deed restriction) and all new owners must be approved by HUD, (ii) the Real Property must be maintained as affordable housing in compliance with all affordability deed restrictions and requirements, (iii) HUD is entitled to a percentage of proceeds from each Sale until June 17, 2033, and (iv) all deed restrictions and encumbrances, including the right to Sale proceeds, runs with the land.

*Id.* at para. 3(b).

18. The Procedures Order further acknowledged HUD and other parties' right to approve the ultimate purchaser. *Id.* at para. 3(f) ("… all offers shall be without contingencies, except for approval of the Bankruptcy Court at the Final Hearing, and approval by the United States Department of Housing and Urban Development, the City of Harrisburg and (if the proposed sale is not paying the Redevelopment Authority Loans in full) the Redevelopment Authority[.]").

19. The Procedures Order also required the ultimate successful bidder to "set forth its intentions as to maintaining the Real Property for low-income housing

in accordance with certain current deed restrictions as to the Real Property." *Id.* at para. 3(i).

20. The Procedures Order furthered that the Debtor by a date certain was required to file multiple documents, including a copy of the Sale Agreement, and if the Debtor could not meet the deadline, Debtor would adjourn the hearing to allow creditors at least two weeks to review new filings. *Id.* at 5.

21. Finally, the Procedures Order made clear that the Debtor was not requesting to impact/alter/impair the rights of HUD, as set forth in the deeds and riders. *Id.* at para. 7. The Procedures Order clarified that "[t]o the extent that in the future the Debtor or any other party wishes to impact/alter/impair the United States Department of Housing and Urban Development's rights or to strip the deed restrictions or encumbrances, it will do so through a motion with proper notice and opportunity to respond." *Id.*

**C. Debtor's Final Sale Motion**

22. On January 17, 2024, the Debtor filed a *Motion to Approve Auction Purchaser of Real Property Free and Clear of All Liens, Claims, Encumbrances and Other Interests* (the "Final Sale Motion"). ECF No. 106.

23. The Final Sale Motion explained that three parties made offers at the Debtor's auction – 2087 Market Street LLC, ANCDI, and WODA Cooper. *Id. at l.* 8.

7

24. In the Final Sale Motion, the Debtor again acknowledged that "[i]t is believed that the approval of HUD to the transaction is necessary under the terms and conditions of the initial loans which are secured upon the Real Property." *Id.* at 14.

25. The Final Sale Motion explains that "Debtor and ANCDI are in the process of finalizing the Agreement of Sale setting forth the terms of the sale, as set forth in the Auction Motion." *Id.* at 16. As of the date of this objection, no such agreement has been filed.

26. On January 19, 2024, the Debtor filed a proposed *Order Approving Sale of Debtor's Real Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interest* (the "Proposed Order"). ECF No. 107.

27. The Proposed Order provides that the relief requested in the Auction Procedures Motion and the Final Sale Motion are granted. *Id.* at para. 2.

28. The Proposed Order contains a proposed distribution of proceeds that includes:

- Past due real estate taxes and present real estate taxes or payments in lieu of real estate taxes, pro rated to the date of closing on the sale.
- Past due and present trash and sewer charges, pro rated, to the date of closing on the sale.
- Present post-Petition sums owed to Capital Region Water pro rated, to the date of closing on the sale.

8

- A carveout for unsecured creditors in the amount of up to $100,000

*Id.* at 13.

29. Both the Final Sale Motion and the Proposed Order are silent as to HUD's interests, HUD's right to proceeds, and HUD's Deed Restrictions.

30. The Proposed Order also provides that it "shall authorize the free and clear sale, lease or transfer of property only to the extent of the Debtor's legal or equitable interests in such property." *Id.* at 6.

31. Neither the Final Sale Motion nor the Proposed Order point to specific authority for this relief, but instead the Proposed Order generally states "[o]ne or more conditions of Code §363(f) are satisfied in the present instance." *Id.* at 5.

32. The Proposed Order explains that "[s]ubject to the distributions set forth in this Order, all Liens and Claims shall transfer and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Real Property to the net proceeds obtained for the Real Property subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such Liens and Claims." *Id.* at 7.

### D. HUD's Cooperation and Conditions

33. HUD has been working with both Debtor's counsel and Hilco throughout this process and provided the parties with a list of everything HUD needed from potential purchasers to complete its review.

34. On December 21, 2023, via email, Debtor's counsel agreed not to move forward with a final hearing until HUD could complete its vetting process.

35. Outside of its normal operation, HUD offered to simultaneously review submissions of multiple bidders to expedite the approval process. However, only ANCDI submitted documents to HUD for review.

36. On January 22, 2024, HUD finalized its review of all documents submitted by ANCDI and determined that it could not approve ANCDI as purchaser unless certain conditions were met. HUD emailed Hilco and Debtor's counsel those conditions.

37. On January 24, 2024, HUD reiterated the conditions to ANCDI directly and provided a direct point of contact at HUD.

38. Parties agreed to adjourn the hearings to allow time for the approval process to continue.

39. As of the date of this objection, HUD has received no response from ANCDI.

# Objection

## I. HUD has not approved the conveyance.

40. As discussed in more detail above, HUD sold the Property for a nominal amount in exchange for multiple deed restrictions and covenants, including the right to approve any conveyance, the requirement that the Property remain affordable housing, and the right to a percentage of future proceeds.

41. HUD has provided over $21 million in consideration for HUD's Deed Restrictions through grant funding for the property's improvement and conveying the Property for a nominal amount despite HUD's payment of claims for the defaulted loans covering the property.

42. HUD regarded the deed restrictions consideration for HUD selling the Property for a nominal amount and providing grant money for the Property's improvement.

43. HUD has internal processes it goes through in order to approve transactions. HUD has worked with the Debtor in an attempt to expedite the process for this bankruptcy case. Despite this, HUD has not received the responses it needs to approve any conveyance.

44. As required as a result of HUD's Deed Restrictions, the Court's Procedures Order, and as acknowledged by the Debtor in the Final Sale Motion, HUD has the right to approve all conveyances.

45. Despite HUD's attempts to work with potential buyers, HUD has not received the information it needs and ANCDI has not agreed to the conditions HUD requires to approve the transaction.

46. For the reasons stated above, HUD is unable to approve the conveyance.

47. Therefore, HUD objects to both the Auction Procedures Motion and the Final Sale Motion.

**II.   HUD has a right to proceeds.**

48. One of HUD's Deed Restrictions provides that HUD has the right to a percentage of proceeds from each Sale until June 17, 2033.

49. The Auction Procedures Motion, the Final Sale Motion, and the Proposed Order are all silent as to HUD's right to proceed.

50. The Procedures Order agreed upon by the parties required the Debtor to make potential buyers aware of this right.

51. However, since the Procedures Order was entered, the Debtor filed the Final Sale Motion and the Proposed Order, both of which contained a proposed distribution of proceeds and neither addressed HUD's right to proceeds.

52. The Debtor's proposed distribution of proceeds includes distributions to bring the Debtor current on bills and a carveout for unsecured creditors.

53. It is unclear if the Debtor plans to pay all the expenses outlined in the proposed distribution from HUD's portion of sale proceeds.

54. Currently HUD is entitled to 50% of the proceeds from the sale and HUD's portion should not be subject to any of the following being paid first:

- Past due real estate taxes and present real estate taxes or payments in lieu of real estate taxes, pro rated to the date of closing on the sale.
- Past due and present trash and sewer charges, pro rated, to the date of closing on the sale.
- Present post-Petition sums owed to Capital Region Water pro rated, to the date of closing on the sale.
- A carveout for unsecured creditors in the amount of up to $100,000

55. If Debtor is proposing to pay these items from HUD's portion of proceeds, it has cited no authority enabling it to do so.

56. HUD's Deed Restrictions direct which types of expenses may be paid from HUD's portion of proceeds and the preceding expenses/creditors would not qualify.

57. Therefore, to the extent the Debtor is requesting to pay any of the preceding distributions from HUD's percentage of proceeds, HUD objects.

**III. All of HUD's deed restrictions and encumbrances run with the land.**

58. As set out in the Riders attached to HUD's proof of claim and the Court's Procedures Order, all of HUD's Deed Restrictions and encumbrances,

including the right to future Sale proceeds and the requirement that the Property remain affordable housing, runs with the land.

59. The Proposed Order contains language that the Debtor's sale will be authorized free and clear.

60. The Court's Procedures Order made clear what HUD's Deed Restrictions were and that "[t]o the extent that in the future the Debtor or any other party wishes to impact/alter/impair the United States Department of Housing and Urban Development's rights or to strip the deed restrictions or encumbrances, it will do so through a motion with proper notice and opportunity to respond."

61. HUD's Deed Restrictions are not mentioned in either motion or the Proposed Order.

62. Additionally, the Proposed Order provides that this Court should authorize the sale free and clear, and then allow liens to be transferred and attached to the gross proceeds of the sale. However, HUD's Deed Restrictions impact both the distribution of sale proceeds and the property's use, therefore, holding funds in escrow while allowing the property to be sold would not alleviate HUD's concerns.

63. To the extent the Debtor is attempting to strip any of HUD's rights, including its Deed Restrictions and encumbrances, HUD objects as the Debtor has cited no authority and HUD has not received notice of such attempt, as required in the Court's Procedures Order.

14

64. Furthermore, HUD objects to the Proposed Order as it fails to mention HUD's Deed Restrictions and encumbrances and that each runs with the land.

## IV. No Sale Agreement has been filed.

65. Contradicting language in the Final Sale Motion make it unclear what the exact terms of the sale that the Debtor is asking the Court to approve are.

66. The Court's Procedures Order made clear that the Debtor was to file the Sale Agreement on the docket by December 5, and if the Debtor could not make the deadline, Debtor would adjourn hearings until two weeks after the Sale Agreement was filed.

67. The Debtor must file the proposed sale agreement and parties in interest must have an opportunity to object before a sale can be approved.

68. HUD objects to the Debtor's request to approve the sale without all parties having an opportunity to review the terms of such sale.

69. Given the parties failure to provide HUD with information needed and failure to agree to conditions needed for HUD to approve the conveyance, the Debtor's failure to provide for HUD's right to proceeds in its proposed distribution, the Proposed Order's silence as to HUD's Deed Restrictions and that they run with the Property, the uncertainty of relief the Debtor is requesting when it asks for "free and clear," and that there has been no sale agreement filed, HUD

objects to the Debtor's Auction Procedures Motion, Final Sale Motion, and Proposed Order

70. HUD reserves its right to raise additional objections before the final hearing on the motions.

WHEREFORE, HUD requests the Court deny the Debtor's Auction Procedures Motion and Final Sale Motion and grant such further relief that the Court deems just and proper.

Dated: February 20, 2024

Gerard M. Karam
United States Attorney

s/ Suzanne P. Conaboy
SUZANNE P. CONABOY
Assistant U.S. Attorney
PA ID: 314036
235 N. Washington Avenue
Scranton, PA 18503
(570) 348-2800
Suzanne.Scanlon@usdoj.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 11 |
| UPTOWN PARTNERS, LP : | |
| d/b/a : | CASE. NO. 1:23-bk-00988-HWV |
| RESIDENCES AT : | |
| GOVERNOR'S : | |
| SQUARE, a/k/a : | |
| GOVERNOR'S : | |
| SQUARE APARTMENTS : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of January, 2024, she caused the foregoing Objection of the United States Department of Housing and Urban Development to Both Uptown Partners, LP's Motion to Set Sale Procedures and to Approve Sale of Real Property Free and Clear of all Liens, Claims, Encumbrances, and Other Interests and Motion to Approve Auction Purchaser of Real Property Free and Clear of All Liens, Claims, Encumbrances and other Interests via the ECF Filing System upon the following:

Robert E. Chernicoff, Esquire
Counsel for Debtor

Kara Katherine Gendron
Trustee

Gregory Benjamin Schiller
Asst. U.S. Trustee

Marielle Macher
Counsel for Monique Bryant, Anita Hall, and Deborah Taylor

                                                              /s/ Suzanne P. Conaboy