IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Case No. 1:23-bk-00988-HWV |
|    UPTOWN PARTNERS, LP | : | |
| | : | Chapter 11 |
|    Debtor | : | |

**MOTION FOR ORDER AUTHORIZING EXAMINATION OF A REPRESENTATIVE FOR THE CITY OF HARRISBURG AND DIRECTING THE PRODUCTION OF DOCUMENTS PURSUANT TO BANKRUPTCY RULE 2004**

The Motion of Uptown Partners, LP ("Debtor" or "Movant"), for an Order Authorizing the Examination of a Representative of the City of Harrisburg and Directing the Production of Documents Pursuant to Bankruptcy Rule 2004, from the City of Harrisburg (the "Motion"), is as follows:

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§157(b) and 1334. This is a core proceeding within the meaning of 28 U.S.C.§157(b).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicate for the relief requested herein is Section 105(a) of the Bankruptcy Code, Rule 2004 and Local Rules 2004-1 and 9013-1.

4. On May 2, 2023, the Debtor filed a voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date"). On September 12, 2023, the case was converted to a case under Chapter 11 of the Bankruptcy Code. As a result thereof, the Debtor has been appointed a Debtor-in-Possession and manages its assets and operates its business.

5. On November 1, 2023, the Debtor filed a Motion to Approve Procedures and for Authority to Sell its real property (the "Auction Motion") located in the City of Harrisburg, Dauphin County, Pennsylvania, containing Tax Parcels 10-026-064; 10-026-07; 10-026-051; 10-026-91; 10-026-091; 10-026-88; 10-026-93; 11-005-083; 11-004-066; 11-004-068; 11-004-019; 11-010-003; 11-010-006; 11-010-129; 10-026-91; 10-026-033; 10-033-055; 10-033-030; 10-033-020; 10-033-015; 10-026-048; 10-032-37, 49 & 52; 10-032-045; 10-032-038 & 10-025-072; 10-040-001; 10-040-021, 026, 029, 033, 037, 041 & 045; 10-033-034; 10-033-044; 10-033-056; 10-026-030; and 10-040-051 (the "Real Property").

6. On November 7, 2023, the City of Harrisburg (the "City") and the Harrisburg Redevelopment Authority ("RA") (collectively the "Objectors") jointly objected to the Debtor's Auction Motion (the "Auction Motion Objection").

7. The Auction Motion Objection indicates that "there are approximately 600 code violations and fines by the Debtor in connection with their operation" and that the Objectors objected to the Auction Motion because the "legal effect of the prior code violations and (possibly corresponding fines) may not be divested by the sale."

8. On November 9, 2023, this Court entered an order approving the Auction Motion to allow the Debtor to Conduct an auction sale of the Real Property.

9. On January 17, 2024, the Debtor filed a Motion to Approve Auction Purchaser of Real Property Free and Cleal of All Liens, Claims, Encumbrances and Other Interests (the "Final Sale Motion").

10. In response to the Final Sale Motion, the City, along with the RA filed a Joint Objection to the Debtor's Motion to Approve Auction Purchase (the "Final Sale Motion Objection").

11. The Final Sale Motion Objection states:

   a. "There are roughly 600 outstanding citations for violations of the International Property Maintenance Code and Building Code," and

   b. "The Objectors object to the Motion and Auction Sale as follows: … the Debtor must describe in detail all legal and equitable non-monetary claims, encumbrances, and/or interests it is seeking to divest, discharge, remove or affect in any way before any sale can be approved."

12. The City has a claim in the Debtors Chapter 11 Case in the amount of $123,275.53.

13. The City of Harrisburg has asserted on multiple occasions that remedying the International Property Maintenance Code and Building Code violations (the "Code Violations") and satisfaction of any associated fines are critical to the sale of the Real Property. Many of the citations relate to lawn cutting, weeds or trash.

14. Despite numerous requests by the Debtor and by possible buyers of the Real Property, to date the City of Harrisburg has not provided the Debtor with a list of Citations, specific Code violations or associated fines. The Debtor and possible buyers specifically requested a list of those alleged Code Violations which the City contends are crucial to the alleged required remediation of the Real Property.

15. The Debtor believes, and therefore alleges that the list of crucial Code Violations have previously been provided by the City to one or more other possible buyers.

16. In addition, each proposed buyer desires to assume the existing loans given by the RA to the Debtor. In order to assume such loans, approval of the United States Department of Housing and Urban Development ("HUD") is necessary.

17. One of the items required for HUD approval is that a proposed buyer submit a proposal as to the remediation or repairs of the Real Property. Because the City will not provide, to any of the current proposed buyers, the list of Code Violations, such submission to HUD is impaired and difficult to perform.

18. The Debtor believes, and therefore alleges that the actions of the City may be designed to prevent a sale to any of the Debtor's proposed buyers.

19. In addition, WinnResidential Limited Partnership, the Debtor's management company has filed a Motion regarding Assuming or Rejecting its agreement with the Debtor.

20. At a hearing on July 9, 2024, WinnResidential Limited Partnership stated that it had been recently served with City citations.

21. The hearing on the Motion filed by WinnResidential Limited Partnership has been continued for sixty (60) days.

22. In order to facilitate the Debtor's defense as to the WinnResidential Limited Partnership's Motion it is necessary for the Debtor to obtain the number and nature of the citations from the City to WinnResidential Limited Partnership in the last 2 years.

23. Rule 2004 provides that upon the request of any party in interest, the Court may direct the examination of and production of documents by any entity pertaining to:

> the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under Chapter 11 of the Code . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Fed.R.Bankr.P. 2004(b). Examinations under Rule 2004(a) and (c) may include within their scope, among other things: any manner which may relate to the property and assets of the estate; the financial condition of a debtor; and any matter which may affect the administration of a debtor's estate. Further, subsection (c) of Rule 2004 provides that production of documentary evidence may be compelled.

24. The purpose of a Rule 2004 Examination is to show the condition of the estate whereby parties can discover the extent or whereabouts of the estate, and as to the acts and conduct of property and liabilities and financial condition of the estate. Thus, the documents and testimony sought by the Debtor/Movant are within the scope of a Rule 2004 Exam.

25. As set forth above, there are certain issues that the Debtor believes require further investigation to allow for the sale of the Real Property, including, but not limited to, the citations issued to the Debtor and WinnResidential Limited Partnership for alleged Code Violations. Accordingly, Movants request the Court approve this Motion to compel

the Debtor to answer questions under oath and to produce the requested documents set forth herein.

26. The Objectors have asserted that "the Debtor must describe in detail all legal and equitable non-monetary claims, encumbrances, and/or interests it is seeking to divest, discharge, remove or affect in any way before any sale can be approved," however, Debtor does not have sufficient information to determine if it can or has satisfied the Objectors' requests.

27. The Debtor/Movant believes that as part of the Examination of a representative of the City of Harrisburg, certain documents are needed. The documents requested by the Movants are set forth on Exhibit "A" attached hereto and made a part hereof.

**WHEREFORE**, Uptown Partners, LP respectfully request this Honorable Court enter an Order authorizing the examination of a representative of the City of Harrisburg and production of the documents requested by the Debtor/Movant.

>     Respectfully submitted,
>
>     CUNNINGHAM, CHERNICOFF
>     & WARSHAWSKY, P.C.
>
>     By: s/ *Robert E. Chernicoff*
>     Robert E. Chernicoff, Esquire
>     2320 North Second Street
>     P. O. Box 60457
>     Harrisburg, PA 17106-0457
>     (717) 238-6570
>     Attorneys for Uptown Partners, LP

Date: July 22, 2024