IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 7 |
| | : |
| UPTOWN PARTNERS, LP | : Case No. 1:23-bk-00988-HWV |
| DEBTOR | : |

**THE CITY OF HARRISBURG'S
OBJECTION AND RESPONSE TO THE DEBTOR'S MOTION FOR
ORDER UNDER BANKRUPTCY RULE 2004**

The City of Harrisburg hereby Objects and otherwise Responds to the Debtor's baseless motion to secure records and information they already are legally obligated to retain and available online through Pennsylvania's Unified Judicial System (https://ujsportal.pacourts.us/CaseSearch)[1].

1. Admitted

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted for purposes of this Response.

6. Admitted.

7. Admitted in part and denied in Part. It is admitted that the select Auction Motion and Objection include such phrases. It is denied that the Objection is limited to the issue of citations.

8. Admitted.

9. Admitted.

10. Admitted. By way of further response, the Debtor – whose principals

---

[1] Search under Organization.

are <u>highly sophisticated</u> regarding the federal requirements for owning, operating, financing and maintain publicly funded low-income and moderate-income housing developments, with numerous complexes in multiple States -- would be vested with extensive knowledge and experience related to the laws and regulations applicable to many properties their various corporate entities have historically funded, in whole or part, through monies secured from or through the United States Department of Housing and Urban Development ("HUD"). Notwithstanding that sophisticated background, the Debtor has failed to propose a plan or sale capable of satisfying those federal requirements.

  11. Admitted in part and denied in Part. It is admitted that the selected language of the Objection is of record. It is denied that these represent the entirety of the Objections to the sale, which speaks for itself.

  12. Admitted the City has a claim in the amount. As the matter as dragged on without an actual plan from the Debtor, claims have continued to accrue.

  13. Denied. Indeed, the claim is simply the Debtor's restatement and assertion of the City's position. <u>The law requires all properties to comply with the International Property Maintenance Code and Building Code, as these laws are how local governments provide for the public health, safety, and welfare of its residents</u>. There are closer to 2000 citations associated with these and related properties, with multiple units condemned and many placarded as unit for human habitation. Further, as the City will work through any Code issue with a qualified owner operator, with its well-established practice that the monies related to associated fines be utilized to address the repair and maintenance of the associated property. A refusal to comply with applicable health and safety laws or to work through a plan to bring a property into compliance leaves the City no choice but to demand the actual payments of fines against a given property owner for their neglect and refusal to provide a Code-compliant plan of remediation.

14. Denied as stated. The City has not received request from bidders for full list of Citations since early in 2023. <u>No such lists exist</u>, as that is not how records of citations are maintained, but for occasional attorney work product for case management purposes. <u>More importantly, the Debtor and their agents are actually delivered every citation. The Debtor and/or their agents directly possess and control the very information they now demand. The placards are placed on their buildings</u>. The condemnation notices are on their doors. **Most importantly, addressing the Citations alone is NOT what would qualify a potential purchaser for the mandatory HUD approval. A detailed, funded plan to rehabilitate both the occupied and unoccupied properties in a manner that brings each unit and common area into compliance with the Uniform Construction Code, applicable Building Code provisions, the American with Disabilities Act, the Rehabilitation Act of 1973, the International Property Maintenance Code, Stormwater Management approvals, environmental reviews, aspects of the Fire Code, and the mandates of federal Uniform Relocation Act (mandating a separate fund to pay each person and/or household temporarily or permanently displaced by construction, rehabilitation or renovation of a federally a property that has benefited from federal funding) is what is required to qualify.**

The Debtor should use Pennsylvania's Unified Judicial System (https://ujsportal.pacourts.us/CaseSearch) to find out what records they want and no longer possess.

15. Denied. See response to Paragraph 14. Moreover, a hand written document drafted by City staff that tried to summarize <u>some</u> Code-related issues was created for discussion purposes, which the Debtor has conflated into a list that does not exist.

16. Admitted in part and denied in part. Proposed buyer has universally

Case 1:23-bk-00988-HWV    Doc 164    Filed 08/02/24    Entered 08/02/24 16:51:05    Desc
Main Document    Page 3 of 7

voiced the preference to assume the existing loans and such assumption or payment would be an element of securing HUD approval.  It is denied it is anything more than a single element in the well-established HUD requirements (well-known to the principals of the Debtor) to secure HUD approval.  No bidder asserted to be compliant by the Debtor has been to satisfy those requirements, and as of the last proceedings in those manner, NONE had provided HUD with the well-stablished list of materials and information, despite being provided the requirements by HUD.

      17.    Admitted that HUD requires a remediation plan. The lack of a plan is directly caused by the apparent limited physical access the Debtor and their Agents have provided to potential buyers, to the real property they alone control and he mandatory maintenance and repair records the Debtor would be required to keep and make available for inspection as a federally funded housing operation.

      18.    Denied. The stipulated Order expressly requires both HUD and City approval of a purchaser. A sophisticated potential purchaser, was denied the opportunity to bid due to a nine (9) month due diligence period request.  It is noted that by the time of the next schedule sale hearing, that period will have passed. The City is not committed or attempting to prevent the sale to a qualified buyer, but will Object to the sale on anything less than a fully qualified, HUD-approved purchaser who can bring a desperately needed, experienced operator/manger to this facility. Pre-bankruptcy, the City and other agencies and organizations sought to identify qualified, approve operators to take over the facility, with no commitment to bring any one entity onboard.

      19.    Admitted.

      20.    Admitted.

      21.    Admitted.

      22.    Denied as stated.  The City does not know how or in what manner the

Debtor will seek to defend the Motion by Winn Residential. However, the Debtor can access the Unified Judicial System to ascertain reported citations that have been issued and attempted to be serve by any Magisterial District Justice Office with jurisdiction over the properties.

    23.    Admitted.

    24.    Admitted in part and denied in part. It is admitted that a 2004 examination may be used to "discover the extent and whereabouts of the estate." It is denied the City Code's records are necessary as any third party can locate the code violations by searching Pennsylvania's unified judicial system online. If the Debtor or their agents will not provide records they should already legally keep, or not search online, that is a problem of the Debtor's own making. Likewise, if the Debtor or their agents have failed to retain the citation and notices deliver, the maintenance records of the facilities, repair logs, licenses, and the many required record-keeping details of an entity in the business of public housing, that too is on them.

    25.    Denied. The City is without sufficient knowledge or information of what information the Debtor believes they require, but the City avers that they are obligated to possess the very information they seek. They and the property management company just have to pick up the Certified Mail that a Magisterial l District Justice in Pennsylvania serves on a defendant, or the duplicate non-certified copy mailed by the same Court office simultaneously with the Certified Mail.

    26.    Denied. The City is without sufficient knowledge or information of what information the Debtor possesses but as a Debtor before a Bankruptcy Court, they have an obligation to know and reveal the true details of their overall fiscal condition, with particularity.

    27.    Denied. As the party required to be in possession of the records and

property at issue, or can find them online, the Debtor does not have the need to review records as they claim. They are a sophisticated operator of publicly funded facilities, feigning ignorance for reasons all their own. To date, the Debtor has not produced one buyer who is HUD qualified to operate and purchase Governors Square and yet wants to compel the City of Harrisburg to provide information the Debtors should already have, does not exist or can be found online. Rule 2004 is not applicable in this instance as the Debtor is a sophisticated party and can assist any buyer in creating a rehabilitation plan.

      WHEREFORE, the City of Harrisburg OBJECTS to the Debtor's Rule 2004 Motion and the same should be denied.

      Respectfully submitted,

      McNEES WALLACE & NURICK LLC

Date: August 2, 2024    By: */s/Clayton W. Davidson*
      Clayton W. Davidson, Esquire
      Attorney I.D. 79139
      100 Pine Street
      P.O. Box 1166
      Harrisburg, PA 17108-1166
      Phone: (717) 232-8000
      Fax: (717) 260-1678
      cdavidson@mcneeslaw.com

      *Attorneys for City of Harrisburg*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a true and correct copy of the foregoing Objection was electronically filed with the Clerk of Court of the United States District Court for the Middle District of Pennsylvania using the CM/ECF system with electronic notice upon all attorneys of record.

McNEES WALLACE & NURICK LLC

Date: August 2, 2024    By: */s/Clayton W. Davidson*
Clayton W. Davidson, Esquire
Attorney I.D. 79139
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
Phone: (717) 232-8000
Fax: (717) 260-1678
cdavidson@mcneeslaw.com

*Attorneys for City of Harrisburg*