IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:23-bk-00988-HWV |
| UPTOWN PARTNERS, LP | : | |
| | : | Chapter 11 |
| Debtor | : | |
| | : | |

**ANSWER TO THE CITY OF HARRISBURG'S MOTION TO
DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE**

The Answer of Uptown Partners, LP (the "Debtor") to the City of Harrisburg's (the "City") Motion to Dismiss (the "Motion") Debtor's Chapter 11 Bankruptcy Case, is as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied as stated. The reasons the Chapter 7 Trustee asked to cause the case to be dismissed is not because of the lack of unencumbered assets.

7. Admitted.

8. Admitted. By way of further answer, paragraph 8 of the Motion refers to a writing which constitutes the best evidence of the contents thereof.

9. It is admitted that the Debtor filed a Motion to Approve the winning bidder of the Auction Motion (as defined in the Motion) and while a hearing was scheduled for September 10, 2024, it is believed that such hearing has been continued.

10. Admitted. By way of further answer, an initial hearing was held on the Motion of the manager of the Debtor, known as Winn Management. It is believed that Landex Management is an owner of Winn Management, the management company.

11. Denied.

12. The responses set forth in paragraphs 1 through 11 above are incorporated herein by reference.

13. The allegations of paragraph 13 of the Motion set forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied. By way of specific answers, the following is set forth:

    a. Denied as stated. To the contrary, the high bidder at the auction for the sale of the Debtor's property is still interested in purchasing the property, however, because of the difficulty in dealing with the City of Harrisburg, and the obstruction by the City of Harrisburg by not providing certain information and documents, the high bidder cannot become a HUD approved buyer.

    b. Denied. To the contrary, the backup bidder has been attempting to secure a manager. Again, also because of the actions of the City of Harrisburg, it has become to gain final approval from HUD.

    c. Denied.

    d. Denied. By way of further answer, the Debtor does not have any additional capital. As set forth in the Bankruptcy Schedules in this case, the Debtor's assets consist of some cash and the real property. All cash which the Debtor has on hand is utilized to maintain the property. The City of Harrisburg has asked for the partners of the Debtor to inject capital. The general partner has no assets to be utilized for this purpose. There is no obligation for the limited partners to inject additional capital in the Debtor.

    e. Denied. To the contrary, there is an additional party who is submitting information to HUD to gain approval to be the buyer of the property. It is believed that this party is involved in other HUD projects. Further, there has been a delay as to this buyer because of the actions of the City of Harrisburg.

    f. Denied. To the contrary, the Agreement of Sale with the high bidder would have provided funds to unsecured creditors.

    g. The allegations of paragraph 13(g) of the Motion set forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

    h. The allegations of paragraph 13(h) of the Motion set forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, such allegations are denied.

    i. Denied. To the contrary, attempts by the City of Harrisburg to gain collection on citations is believed to be automatically stayed. Nonetheless, the City of Harrisburg continues to issue citations and caused a hearing to be held in the Court of Common Pleas of Dauphin County for collection of such citations. Even if this case were

in state court, the Debtor has no ability to do what the City of Harrisburg desires as to the property. More importantly, the property has been offered to the Harrisburg Redevelopment Authority, which is an adjunct to the City of Harrisburg, by way of a Deed in Lieu of Foreclosure or any other manner so as to transfer title to the Redevelopment Authority or any party designated by the Redevelopment Authority. The City has continually denied any interest in owning the property. The same is true with respect to the Redevelopment Authority. The only way for any party other than a thirty-party buyer to act upon this property is for the City or the governmental agency to acquire the property and gain funds from both the state and federal government to rehabilitate the property. Again, upon information and belief, the City has not attempted to find such funds. By way of further answer, as evidenced by the Chapter 7 Trustee refusing to administer the property, the only realistic avenue is either for a governmental entity to acquire the property or for a buyer to acquire the property. Nonetheless, the City of Harrisburg continues to oppose any buyers which have come forward with respect to purchasing the property.

  j. The allegations of paragraph 13(j) set forth conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is require, such allegations are denied.

**WHEREFORE**, it is respectfully requested this Honorable Court deny the Motion of the City of Harrisburg to Dismiss the Debtor's Chapter 11 Bankruptcy Case and that the Debtor have such other and further relief as is just and proper.

    Respectfully submitted:

    CUNNINGHAM, CHERNICOFF
    & WARSHAWSKY, P.C.

    By: /s/ Robert E. Chernicoff
    Robert E. Chernicoff, Esquire
    Attorney I.D. No. 23380
    2320 North Second Street
    P. O. Box 60457
    Harrisburg, PA 17106-0457
    (717) 238-6570

Date: August 28, 2024