IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OR PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : No. 1:23-bk-00988-HWV |
| UPTOWN PARTNERS, LP, | : |
| | : Chapter 11 |
| Debtor | : |

### JOINDER OF LANDEX MANAGEMENT, LLC IN THE CITY OF HARRISBURG'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY CASE

Landex Management, LLC ("Landex"), a party in interest in this proceeding, by and through its undersigned counsel, files this its joinder in the City of Harrisburg's Motion to Dismiss Debtor's Bankruptcy Case [Docket No. 171] ("Motion to Dismiss"), and in support thereof, represents as follows:

1. The Debtor commenced this case as a voluntary Chapter 7 liquidation on May 2, 2023 ("Petition Date").

2. By Order dated September 12, 2023, the case was converted to Chapter 11, and since that time the Debtor has continued to control its assets and operate its business.

3. On or about February 10, 2015, the Debtor and Landex entered into an Amended and Restated Management Agreement, under which the Debtor engaged Landex as its exclusive agent to rent, lease, operate and manage a residential housing project ("Project") owned by the Debtor known as Governor's Square, located in the City of Harrisburg, Pennsylvania.

4. On or about February 1, 2022, the Debtor and Landex entered into a First Amendment to the Amended Restated Management Agreement (as amended from time to time, the "Management Agreement"), principally to adjust the term thereunder.

5. On May 2, 2024, Landex filed with this Court its Motion pursuant to Section 362(d)(2) of the Bankruptcy Code ("Motion to Compel") [Docket No. 144], requesting an Order

compelling the Debtor to assume or reject the Management Agreement as an executory contract.[1] True and correct copies of the original Amended and Restated Management Agreement and of the February 1, 2022 Amendment thereto are attached as Exhibits A and B, respectively, to the docketed Motion to Compel.

6. The City of Harrisburg filed its Motion to Dismiss on August 16, 2024, urging that cause exists to dismiss this Chapter 11 proceeding.

7. Landex filed its Motion to Compel in response to Debtor's numerous and material identified breaches of the Management Agreement. The averments set forth in the Motion to Compel are incorporated herein by reference, as though set forth in full.

8. As of the date of this filing, Landex avers that such breaches continue and, in material respects, have become more serious and detrimental to the parties, residents of the Project and the surrounding community. Specifically, and without limitation:

    a. Although Landex continues to receive compensation as a percentage of the gross revenue of the Project, occupancy of the Project continues to decline for the reasons described more fully in the Motion to Compel, causing economic harm to Landex and rendering Project revenues wholly insufficient to address maintenance, security and other issues.

    b. The Debtor is in breach of the Management Agreement in that it has failed to inject additional funds to cover Project expenses for which rent revenues are insufficient and thereby enable Landex to meet its obligations under the terms of the Management Agreement (see Management Agreement Section 17(c)).

    c. Criminals and squatters continue to break into vacant apartments in the Project, vandalize the property, steal copper wiring and other items and create life safety issues for other residents and for Landex employees.

---

[1] By Order dated September 5, 2024, hearing on the Landex Motion to Compel is continued to November 5, 2024.

7757950

2

d.  Due to declining rent revenue and the Debtor's unwillingness to provide additional funds, Landex is increasingly unable to make repairs or replace critical building infrastructure, such as hot water tanks, heating systems, roofs and cabinetry.

e.  Landex continues to lack sufficient funds to hire additional personnel to maintain the occupied and vacant apartments in a clean, safe condition or to provide security to residents and Landex personnel.

f.  Although Landex continues to use its best efforts to provide the most basic care of the Project property, including mowing and trash pickup, and to address many emergency work orders, funds are insufficient to provide continuing maintenance of occupied units, much less to properly board up and secure unoccupied units.

g.  The City of Harrisburg Code Enforcement continues to issue hundreds of violations not just against the Debtor, as owner, but also naming the property manager as well as Landex, as management company. Landex has had to retain and pay for attorney representation to defend the property manager and the management company against such asserted violations, including appearances at multiple Magisterial District Judge Hearings.

9.  After more than fifteen (15) months in bankruptcy, the Debtor has shown neither the inclination nor the ability to cure its numerous and material defaults under Management Agreement, so as to enable assumption and/or assignment in accordance with Section 365 of the Bankruptcy Code.

10.  Even if the Debtor were somehow able to complete assumption and/or assignment of the Management Agreement under Bankruptcy Code Section 365, Section 28 of the Management Agreement provides, in pertinent part, as follows:

> **Term of Agreement. This Agreement shall be in force for one (1) year beginning on February 1, 2022, and shall self-renew for the same term thereafter, and may only be terminated sooner than that, as follows:**

     f.     **By Agent, for any or no reason whatsoever, by Agent providing at least ninety (90) days prior written notice to Owner.**

11. Landex has made abundantly clear that, for a host of well-documented reasons, it no longer wishes to be a party to the Management Agreement and intends to exercise its termination rights as soon as legally permissible.

12. The Debtor can take into bankruptcy and assume and/or assign no greater rights under the Management Agreement than existed on the Petition Date. In re Lucre, 339 B.R. 648, 654 (Bankr. W. D. Mich. 2006) (Section 541(a)(1) of Bankruptcy Code transfers to bankruptcy estate no more or less rights than debtor had in executory telecommunications contract as of bankruptcy petition date).

13. Landex is entitled to seek, and believes it can establish, cause for obtaining relief from the bankruptcy stay to exercise its at-will termination rights under the terms of the Management Agreement. In re: M.J. & K. Co., Inc., 161 B.R. 586, 595 (Bankr. S.D.N.Y. 1993) (law school entitled to relief to relief from stay to serve notice of termination of at-will license for real estate); In re Chautauqua Capital Corp., 135 B.R. 779, 782 (Bankr. W. D. Pa. 1992) (relief from stay granted to enable lessors to serve notices of termination of at-will leases).

14. It is only the bankruptcy stay that, at present, restricts Landex's right to realize its clear contractual expectations by exercising its at-will termination rights.

15. Landex takes no position as to any other disagreements or pending matters involving the Debtor and the City of Harrisburg in this Chapter 11 proceeding, but concurs with the City of Harrisburg's contention in its Motion to Dismiss that continuation of this bankruptcy proceeding offers slim if any prospect of sale or rehabilitation of the Project or any benefit to creditors and parties in interest.

16. Without specifically adopting the averments of the Motion to Dismiss, Landex joins in the relief requested by the City of Harrisburg therein.

WHEREFORE, Landex Management, LLC joins in the request of the City of Harrisburg in its Motion to Dismiss Debtor's Chapter 11 Bankruptcy Case [Docket No. 171] and respectfully requests dismissal of the Debtor's bankruptcy case, along with such other and further relief as may be just and appropriate.

Dated: 9/10/2024

SAXTON & STUMP, LLC
Attorneys for Landex Management, LLC

By: *(signature)*
Barry A. Solodky, Esquire
PA Attorney I.D. No. 19259
bso@saxtonstump.com
Robert W. Pontz, Esquire
PA Attorney I.D. No. 56554
bpontz@saxtonstump.com
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
(717) 556-1000